## Chicago Builders' Specialties Company, Defendant in Error, v. Koehring Machine Company, Plaintiff in Error.

### Gen. No. 21,645.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed January 17, 1917.

### Statement of the Case.

Action by the Chicago Builders' Specialties Company, a corporation, plaintiff, against the Koehring Machine Company, a corporation, defendant, to recover for breach of contract for the sale of certain machinery. From a judgment in favor of plaintiff for the amount of its claim, $144, defendant brings error.

The plaintiff on December 23, 1909, wrote the defendant concerning the purchase of certain machinery. To this defendant replied giving the cost of the several items and stating that the defendant could fill the order immediately. Nothing further appeared to have been done until March 19, 1910, when the parties communicated by telephone. A witness for the plaintiff testified that on that date he talked over the telephone with a representative of the defendant and told him that they were ready to close the Horrabin deal, and asked the defendant how soon the order could be filled, and that the defendant replied by Wednesday of the following week. Immediately afterwards plaintiff wrote a letter confirming the telephone communication and instructed the defendant to ship the goods to plaintiff's customer, Horrabin, at Iowa City, Iowa. There were further communications between the parties in reference to the method of payment, the defendant insisting that it would not ship the goods except upon

the receipt of a certified check for the amount, $411. The plaintiff sent a certified check March 28th through a bank, and on March 31st the defendant wrote a letter to the plaintiff as follows: "Owing to your late reply to our request for certified check with your order No. 5190, we cannot now accept this order, and have requested the bank to return your check." It further appeared that the defendant filled the Horrabin order direct on March 25th. A witness for the defendant testified that in the telephone conversation March 19th, he told the plaintiff he would not accept the order; that the plaintiff would have to take it up direct with the defendant's Chicago agent. The evidence further showed that plaintiff had contracted to sell the machinery to Horrabin for $555, and his profit would be $144.

MONTGOMERY, HART, SMITH & STEERE, for plaintiff in error.

CULVER, ANDREWS, KING & COOK, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 373*—*when evidence is sufficient to show making of contract.* In an action to recover damages for the breach of a contract for the sale of certain machinery, evidence *held* sufficient to show that a contract was made between the parties.

2. SALES, § 93*—*when evidence is sufficient to show that contract was not abandoned.* In an action to recover damages for the breach of a contract for the sale of certain machinery, evidence *held* sufficient to show that the contract between the parties was not abandoned.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.